# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:07 CR 122-2

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| JOHN DAVID HARRISON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

THIS CAUSE came on to be heard before the undersigned, pursuant to a motion filed by the defendant, entitled "Motion for Substitution of Collateral and Reduction in Bond" (#186). At the call of this matter on for hearing, counsel for the defendant appeared and advised that the defendant could not appear due to a medical procedure that had performed upon the defendant during the previous week. Upon inquiry, the court discovered that a fusion of the lumbar vertebra of the defendant had been performed. The defendant was presently receiving inpatient treatment at Thoms Rehabilitation Hospital in Asheville, NC. The government did not have any objections to proceeding in this matter, even though the defendant was absent.

**Findings.**

An Order was entered in this matter by United States District Judge T. S. Ellis allowing the defendant to be released on terms and conditions of pretrial release. The

terms and conditions required that the defendant execute a $200,000 secured bond and that the bond be secured by lands that were located in Buncombe County, NC and owned by the defendant's wife, Marjorie C. Harrison. In the motion of the defendant, defendant requests that he be allowed to substitute as security for the bond a dwelling house owned by the defendant located in North Myrtle Beach, SC. The dwelling house and real property located in North Myrtle Beach, SC has a fair market value as of April 14, 2008 of $231,000. There is a first lien upon the property owed to Sun Trust Bank in the amount of $183,012.80. The reason for the request for the substitution of collateral was the defendant's spouse desired to obtain a loan and to use the real property located in Buncombe County, NC which is her own sole and separate property as collateral for the loan. The undersigned made an inquiry of Mrs. Harrison, who was present, and found that Mr. Harrison was hospitalized as referenced above and that when he had completed his treatment for his lumbar spine fusion it was contemplated Mr. Harrison would then reenter the hospital for further treatment for hip replacement. Mrs. Harrison stated she would personally sign an appearance bond as surety for the appearance of her husband, John David Harrison. The undersigned made inquiry of Richard Edwards, Assistant United States Attorney, as to the government's position in regard to the defendant's motion. Mr. Edwards advised that the government did not have any objection to the defendant's motion.

The undersigned then made further inquiry as to what the government's opinion was as to allowing Mrs. Harrison to sign an appearance bond as surety for her husband without the necessity of a second lien upon the real property located in Myrtle Beach, SC. Mr. Edwards advised that the government had no objection to that arrangement.

It is the opinion of the undersigned that the personal promise and obligation of Marjorie Harrison as surety on the bond is of more value to secure the appearance of the defendant and reduces the risk of harm to any other person or the community than the substitution of collateral that has been proposed.

Based upon the foregoing, the undersigned has determined to enter an order allowing in part the defendant's motion, that being the court will allow Marjorie Harrison to sign an appearance bond as surety for the appearance of the defendant in the amount of $200,000; but that the court will not lower the bond previously set by Judge Ellis in the amount of $200,000. The court will further modify the terms and conditions of pretrial release to remove the requirement of electronic monitoring and house arrest. This is done in light of the severe medical difficulties being suffered by the defendant which the undersigned finds reduces the risk of harm to any other person or the community or the risk of flight on the part of the defendant.

# ORDER

WHEREFORE, IT IS, **ORDERED** that the motion of the defendant entitled "Motion for Substitution of Collateral and Reduction in Bond" (#186) is hereby **ALLOWED** in part and **DENIED** in part as set forth below:

1. That the Clerk of Court mark the North Carolina Deed of Trust dated 23 January 2008 from Marjorie C. Harrison and husband, John David Harrison to Frank G. Johns, Clerk of Court as Trustee with the United States Government as beneficiary Paid and Satisfied in Full;

2. That the Register of Deeds of Buncombe County, North Carolina, upon presentation of a certified copy of this Order and the original of the North Carolina Deed of Trust recorded at Deed Book 4514, page 1047 marked Paid and Satisfied is ordered to cancel of record the Deed of Trust recorded at the Office of the Register of Deeds for Buncombe County, NC at Deed Book 4514, page 1047;

3. That Marjorie C. Harrison execute an Amended Appearance Bond security with her promise and signature the terms and conditions of pretrial release of her husband, John David Harrison in the amount of $200,000 as surety;

4. That the terms and conditions of pretrial release entered in this matter are hereby ordered modified to release the defendant from the obligation of electronic monitoring or house arrest.

Signed: August 1, 2008

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge